IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO TORRES,<br>ANGELITO HERNANDEZ RODRIGUEZ,<br>PEDRO ALVAREZ, GUSTAVO ALVARADO,<br>UMBERTO MONTANO, ADAN REYES,<br>ANTONIO YANEZ, ABENAMAR CACHO<br>JEIMMY ROMERO<br><br>     Plaintiff(s),<br><br>vs.<br><br>MI COCINA LTD, all individually and<br>d/b/a MI COCINA, TACO FANATICO,<br>and M CROWD RESTAURANT GROUP,<br>M CROWD GP, LLC, and<br>M CROWD RESTAURANT GROUP,<br>INC., d/b/a MI COCINA, TACO DINER,<br>and THE MERCURY, MI COCINA<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>CIVIL ACTION NO:<br>JURY<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFFS SERGIO TORRES, ANGELITO HERNANDEZ RODRIGUEZ, PEDRO ALVAREZ, GUSTAVO ALVARADO, UMBERTO MONTANO, ADAN REYES,

ABENAMAR CACHO, JEIMMY ROMERO ("Plaintiffs"), file this Original Complaint, and would respectfully show the following:

## NATURE OF THE ACTION

The current Complaint is derived from *Gomez, et al. v Mi Cocina, et al.*, Cause No. 3:14-2934, filed on August 15, 2014. On March 4, 2015, the Honorable Jorge Solis conditionally certified the case as an FLSA collective action. Dkt. 123. The court further ordered that the relevant notice period run from August 15, 2011 to March 4, 2015. *Id*. The case was ultimately comprised of 301 named and opt-in Plaintiffs consisting of waiters, bartenders, bussers, and hostesses from 29 restaurant locations. On August 4, 2017, the Honorable Sam Lindsay decertified the collective action. Dkt. 620. However, the Court provided a 45-day tolling period for opt-ins to refile their claims individually. *Id*. Thus, each individual Plaintiff named here refiles their claims under this Complaint. Plaintiffs individually allege Defendants violated the FLSA and assert they are owed for unpaid minimum wage, overtime, and wages owed for any tip credit violations.

The Complaint is timely filed and any claims should be tolled back to the original date each individual Plaintiff filed their notice of consent to join.

## PARTIES

1.(a) SERGIO TORRES is an individual residing in, Carrollton, Texas. He is a covered employee of Defendants within the meaning of the FLSA.

(b). RODRIGUEZ ("RODRIGUEZ"), is an individual residing in Dallas, Texas. He is a covered employee of Defendants within the meaning of the FLSA.

(c). Plaintiff, PEDRO ALVAREZ ("ALVAREZ"), is an individual residing in Dallas, Texas. He is a covered employee of Defendants within the meaning of the FLSA.

(d). Plaintiff, GUSTAVO ALVARADO ("ALVARADO"), is an individual in the Colony, Texas. He is a covered employee of Defendants within the meaning of the FLSA.

(e).   Plaintiff, UMBERTO MONTANO ("MONTANO"), is an individual residing in Dallas, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(f). Plaintiff, ADAN REYES ("REYES"), is an individual residing in Dallas, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(g). Plaintiff, ANTONIO YANEZ ("YANEZ"), is an individual residing in Dallas, Texas. He is a covered employee of Defendants within the meaning of the FLSA.

(h). ABENAMAR CACHO ("CACHO") is an individual residing in Dallas, Texas.  He is a covered employee of Defendants within the meaning of the FLSA.

(i).   JEIMMY ROMERO is an individual residing in Dallas, Texas.   He is a covered employee of Defendants within the meaning of the FLSA.

2. (a). Defendant, MI COCINA LTD. ("MI COCINA"), is a Texas Domestic Limited Partnership, with its principal place of business in Dallas County, Texas.  MI COCINA LTD. does business as Mi Cocina, Taco Fanatico, and M Crowd Restaurant Group, and may be served with summons by serving its registered agent, Rob Viveros at 350 E. Royal Lane, Building 4, STE 126, Irving, TX 75039. It is an enterprise engaged in commerce that acted in the interests of an employer with respect to the Plaintiffs named.

(c). Defendant, M CROWD GP, LLC ("M CROWD GP"), is a Texas Domestic Limited Liability Company, with its principal place of business in Dallas County, Texas.  M Crowd GP may be served with summons by serving its registered agent, CT Corporation, at 1999 Bryan St., STE 900, Dallas, TX 75201-3136. It is an enterprise engaged in commerce that acted in the interests of an employer with respect to the Plaintiffs named.

(d). Defendant, M CROWD RESTAURANT GROUP, INC., ("M CROWD"), is a Texas Domestic For-Profit Corporation, with its principal place of business in Dallas County, Texas. M CROWD does business as Mi Cocina, Taco Diner and The Mercury and may be served with summons by serving its registered agent, CT Corporation, at 1999 Bryan St., STE 900, Dallas,

TX 75201-3136. It is an enterprise engaged in commerce that acted in the interests of an employer with respect to the Plaintiffs named.

## VENUE

3. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district and Defendants have their principal place of business in this division and judicial district.

## JURISDICTION

4. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

5. (a). TORRES worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Defendants' Bent Tree location. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(b). RODRIGUEZ worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a busser at Defendants' Bent Tree location. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, and required him to spend 20% or more time performing non-tipped related work.

(c). ALVAREZ worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Defendants' Bent Tree location. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(d). ALVARADO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a busser at Defendants' Bent Tree location. He was entitled to be paid for each hour worked. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, and required him to spend 20% or more time performing non-tipped related work.

(e). MONTANO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Defendants' Bent Tree location. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(f). REYES worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a busser at Defendants' Bent Tree location. He was entitled to

be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, and required him to spend 20% or more time performing non-tipped related work.

(g). YANEZ worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server and bartender at Defendants' Bent Tree location. He was entitled to be paid for each hour worked. Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(h). CACHO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server at Defendants' Bent Tree location. He was

entitled to be paid for each hour worked.  Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

(i). ROMERO worked for Defendants between the time period of August 15, 2011 to March 4, 2015. Plaintiff was employed as a server, hostess, and server at Defendants' Bent Tree location. He was entitled to be paid for each hour worked.  Plaintiff was entitled to minimum hourly wage and overtime at one and half times his regular rate for all hours worked in excess of 40 hours per week. Defendants failed to pay Plaintiff for all hours worked, including off the clock work, and did not pay Plaintiff 1.5 times the regular hourly rate for one or more weeks where Plaintiff worked in excess of forty (40) hours during Plaintiff's employment.

Defendants required all waiters, bartenders, bus boys, and hostesses at its restaurants to participate in a tip pool arrangement. However, Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA, maintained an invalid tip pool by including ineligible employees, maintained an improper wage deductions policy, improperly deducted from his tips for credit card fee charges, and required him to spend 20% or more time performing non-tipped related work.

As a hostess, Romero was entitled to be paid for all hours worked. Defendants failed to pay Plaintiff for all hours worked and deprived Plaintiff of her weekly tips which resulted in a minimum wage violation in one or more weeks.

### STATEMENT OF CAUSES OF ACTION

6. Defendants are an "employer" as to PLAINTIFFS SERGIO TORRES, ANGELITO HERNANDEZ RODRIGUEZ, PEDRO ALVAREZ, GUSTAVO ALVARADO, UMBERTO MONTANO, ADAN REYES, ABENAMAR CACHO, JEIMMY ROMERO, within the meaning of FLSA, 29 U.S.C. § 203(d), are individually and collectively an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendants constitute an enterprise within the meaning of the FLSA. Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, or selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. During Plaintiffs employment, Defendants, operated within several in state and out of state restaurants doing business as Mi Cocina, Taco Diner, & the Mercury.

7. Plaintiffs were hired to work at Mi Cocina Bent Tree located at 18352 Dallas Parkway, Dallas, TX 75287.

8. Plaintiffs were service staff tipped employees, including waiters, bartenders, and bussers.

9. Plaintiffs' primary job duties were those of a non-exempt employee under the FLSA.

10. Defendants failed to pay Plaintiffs for all hours worked and did not pay each individual Plaintiff named 1.5 times their regular hourly rate for hours worked in excess of forty

(40) hours each week. Specifically, Defendants required Plaintiffs to work off the clock and improperly edited their hours to reduce time in Defendants' time keeping system. Under the FLSA Plaintiffs and other non-exempt employees must be paid time and one-half for all hours they work in excess of forty (40) in a given work week. Defendants conduct was a violation of 29 U.S.C. § 206-207.

11. Moreover, as a practice, Defendants required Plaintiffs to spend more than 20% of their shift performing side work duties that were not incidental to a position of server, bartender, or busser. Plaintiffs were paid less than minimum wage to perform these job functions or forced to do the work off the clock.

12. Additionally, Defendants maintained a wage deduction policy requiring Plaintiffs' and other tipped employees' to pay cost of damaged supplies, customer walk outs ("dine and dash"), or loss of money to the restaurant causing Plaintiffs to earn less than minimum wage. Defendants routinely deducted these amounts from the employees' cash tips.

13. Defendants require its waiters/waitresses, bus boys, hostesses, and bartenders to participate in a tip pool. Waiters, waitresses, bartenders, and hostesses receive their cash tips on a daily basis, while bus boys receive their tip share on a weekly basis. Defendants calculate the amount of credit card tips and cash tips and determines the total amount of cash tips each employees should receive for the night. Defendants have withheld a percentage of credit card tips received by Plaintiffs and other tipped employees to cover the cost of processing credit card transactions by customers who pay for their food or beverage by credit card. Additionally, each waiter and waitress have been required by Defendants' policy to contribute 3% of their tips from the night to a tip pool, which is then distributed to bartenders, bus boys, and hostesses at the end of the night.

14. In accordance with Defendants' policy or practice, Plaintiffs participated in a tip pool. Defendants tip pool does not meet the requirements of a valid tip pool because Defendants

did not allow Plaintiffs and other tipped employees to keep all of their earned tips. Defendants required Plaintiffs and other tipped employees to participate in a tip pool arrangement in which they were advised that a portion of their tips would go to the bus boys and other tipped employees at the end of the evening; however, a portion of those tips went to management and other ineligible employees employed with Defendants in violation of section 3(m) of the FLSA.

15. Defendants also failed to inform each individual Plaintiff of its intention to take the "tip credit." Specifically, Defendants' management and supervisors failed to inform Plaintiffs of the "tip credit" or the "tip credit" amount. They further failed to notify any of the Plaintiffs that Defendants would use their tips to make up the difference between the $2.13 per hour that Plaintiffs are paid and the full minimum wage.

## VIOLATION OF THE FLSA

16. Plaintiffs incorporate the factual allegations under paragraphs recited above and would show that Defendants are liable to them for all unpaid hours worked, overtime compensation, off the clock, time for work performed outside of their job duties where they were compensated less than minimum wage, unpaid meetings, a refund of the tip credit for failing to inform their employees of the required FLSA "tip credit" tip credit provisions, and for distributing part of the money from the tip pool to ineligible employees.

17. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe each individual Plaintiff named were exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Plaintiffs in accordance with the requirements of the FLSA.

18. Plaintiffs seek, and are entitled to, a recovery of liquidated damages on their claims under the FLSA.

**ATTORNEY'S FEES**

19. Defendants' refusal to abide by their statutory obligations to Plaintiffs has made it necessary for Plaintiffs to employ the undersigned attorneys to file this lawsuit. As such, Plaintiffs request the Court to award a reasonable fee, pursuant to the FLSA, for their attorneys' services rendered, and to be rendered herein, as well as expenses and court costs

**JURY DEMAND**

20. Plaintiffs demand a jury on all issues to be tried in this matter.

**PRAYER**

21. WHEREFORE, Plaintiffs pray that Defendants be summoned to appear, and that on final trial of this matter, Plaintiffs be granted relief as follows:

(a) Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Defendants to pay Plaintiffs and other plaintiffs who may opt-in this litigation, actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorney's fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiffs and such other plaintiffs may be justly entitled.

Respectfully submitted,

AI LEGAL GROUP, PLLC
/S/ CAROLINE IBIRONKE

_____
Caroline A. Ibironke
TBA #24050803

RHODA B. APPIAH-BOATENG
TBA #24049814
6060 North Central Expressway STE 560
Dallas, Texas 75206
Tel.:    866-496-5015
Fax:    866-496-5041
e-mail: caroline@ailegalgroup.com
e-mail: Rhoda@ailegalgroup.com

**ATTORNEYS FOR PLAINTIFF**